IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **CLOUD SYSTEMS HOLDCO IP, LLC,** <br> **Plaintiff,** <br><br> v. <br><br> **SNAP ONE, LLC,** <br> **Defendant,** | Civil Action No.  3:24-cv-1116 <br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Cloud Systems Holdco IP LLC ("Cloud") brings this action for patent infringement against Snap One, LLC ("Defendant" or "Snap One") seeking relief from patent infringement of the claims of U.S. Patent No. 10,367,912 ("the '912 patent") (referred to as the "Patent-in-Suit").

### THE PARTIES

1. Cloud Systems Holdco IP is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Defendant is a corporation existing under the laws of North Carolina having a regular and established place of business at 1800 Continental Blvd. Suite 300, Charlotte, North Carolina 28273. Defendant's registered agent is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

3. On information and belief, Defendant sells and offers to sell products and services throughout North Carolina, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in South Carolina and this judicial district. Defendant can be served with process through their registered agent, or wherever they may be found.

1

## JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of South Carolina and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of South Carolina and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of South Carolina and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in South Carolina and this District.

## THE PATENT IN SUIT

7. The '912 Patent was filed on February 5, 2018 and claims priority to a provisional application filed on May 3, 2006 (Attached as **Exhibit A**.) The summary of the invention in the patent specification describes a system and method for managing and routing interconnections between devices connected via controllable switching devices and controlling the operation of the devices in a user environment for the purpose of controlling and coordinating the operation of the user environment. In other words, the '912 Patent relates to a system and method for managing,

2

Case 3:24-cv-01116-FDW-SCR     Document 1     Filed 12/23/24     Page 2 of 7

routing and controlling devices and inter-device connections located within an environment to manage and control the environment using a control client.

8. The Patent-in-Suit has been extensively cited in patent applications and granted patents by some of the most recognizable names in electronics, including General Electric Company, Casio Hitachi Mobile Communications Co., Ltd., Amazon Technologies, Inc., Synaptics Incorporated, Samsung Electronics Co. Ltd., and Sonos, Inc.

9. Cloud Systems Holdco IP LLC owns both the '912 patent by assignment.

## **COUNT I – INFRINGEMENT OF 10,367,912**

10. The preceding paragraphs are incorporated by reference as if fully restated herein.

11. Defendant maintains, operates, and administers systems, products, and services for enabling a method for controlling an environment that infringes one or more claims of the '912 patent, including one or more of claims 1-19, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '912 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

12. Support for the allegations of infringement may be found in the chart attached as **Exhibit B**. These allegations of infringement are preliminary and are therefore subject to change.

13. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of their related companies), and continues to do so, on how to use its products and services (e.g., system for controlling an environment, comprising: a server comprising a database and an application service adapted to communicate via a first interface and a second interface) and related services such as to cause

3

infringement of one or more of claims 1-19 of the '912 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '912 patent and the technology underlying it from at least the issuance of the patent.[1] For clarity, direct infringement is previously alleged in this complaint.

14. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of management and control of multiple devices and related systems through its website and product instruction manuals) such as to cause infringement of one or more of claims 1-19 of the '912 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '912 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint. The products and services' only reasonable use is an infringing use and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website at https://www.control4.com/, Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

15. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '912 patent.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

4

## CONDITIONS PRECEDENT

16. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

17. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

18. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patent-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

19. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are

advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

20. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

21. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. That this Court enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b. That this Court award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit in an amount no less than a reasonable

6

royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. That this Court award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. That this Court declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. That this Court declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. That this Court a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. That this Court award Plaintiff such other and further relief as this Court deems just and proper.

DATED: December 23, 2024

Respectfully submitted,

*/s/ Tiffany Lawson*
Tiffany Lawson (Bar ID No.: 56719)
POULIN | WILLEY | ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: Tiffany.lawson@poulinwilley.com
cmad@poulinwilley.com